IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

    Plaintiff,

vs.                                                                                                             No. CIV 17-0530 JB/LF

JAMES CHARLES SANCHEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1981-1985, filed May 5, 2017 (Doc. 1)("Complaint"); (ii) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed May 5, 2017 (Doc. 2)("Application"); and (iii) the Plaintiff's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees In Re Mandamus Remand Sovereign Grand Jury Muslim Elect Ministrative Order Original Habeas Corpus Jurisdiction, filed October 3, 2017 (Doc. 9) ("Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees"). Plaintiff Benjamin Archuleta appears pro se. For the reasons set out below, the Court will: (i) grant Archuleta's Application; (ii) dismiss this case without prejudice for lack of subject-matter jurisdiction; and (iii) deny as premature Archuleta's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees.

## PROCEDURAL BACKGROUND

The Complaint's caption identifies one defendant: "James Charles Sanchez." Complaint at 1. The "Jurisdiction" section of the Complaint identifies two defendants: (i) "1835-NM-314 Los Lunas, N.M. 87031"; and (ii) "James Charles Sanchez," with an address of "1835-NM-314

Los Lunas, N.M. 87031."[1]  Complaint ¶ A(2), at 1-2.  The Thirteenth Judicial District Court, State of New Mexico's address is 1835 Highway 314 SW, Los Lunas, New Mexico 87031.  See Court Directory, New Mexico Courts, https://thirteenthdistrictcourt.nmcourts.gov/valencia-court-directory.aspx.  "James Lawrence Sanchez" is identified as a Thirteenth Judicial District judge.  See Court Directory, New Mexico Courts, https://thirteenthdistrictcourt.nmcourts.gov/valencia-court-directory.aspx.

> Archuleta alleges:
>
> My father (Alejandro Archuleta) Pass on in 2014 Prior he stated to me what is what of his estate.  Mr. James Charles Sanchez allowed a Ms. [R]ebecca Martinez to Counsel without notice.  She is not related and for that reason [there] was [willful] error.  Upon Mandate [there] was no [receipt] of transmittal otherwise barring Justice Law and equity of the Deceased and my Inherent, natural and [reserved] rights now invoked for relief.

Complaint ¶ B(1), at 2 (alterations added).  Archuleta indicates that he had begun another lawsuit dealing with the same facts involved in this action in the "13th Judicial Court" and that the issue in the previous case was "Conveyance of Property to My Custody."  Complaint ¶ D(1)(d), at 4.  Archuleta states that the state court case is "closed, not appealed."  Complaint ¶ D(1)(c), at 4.  In the case now before the Court, Archuleta seeks "Conveyance of Property" at a Los Lunas address and/or $250,000.00.  Complaint ¶ E(1), at 5; id. at 7.

Archuleta's Application to proceed in forma pauperis states: (i) his "[a]verage monthly income amount during the past 12 months" was $1,200.00 in disability income; (ii) he is unemployed; (iii) he has no assets; (iv) his estimated monthly expenses total $807.00; and (v) "Medicare does not cover Dental and Vision."  Application at 1-5.  Archuleta signed an "Affidavit in Support of the Application," stating that he "is unable to pay the costs of these

---

[1] The Complaint also refers to "Charles James Sanchez" as "Trustee for the Thirteenth Judicial Court."  Complaint at 7.

proceedings" and declaring under penalty of perjury that the information that he provides in the Application is true. Application at 1.

On October 3, 2017, Archuleta filed his Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees. Archuleta has not filed a notice of appeal in this case.

## **LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS**

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case.

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(unpublished)[2](citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should

---

[2]Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Menefee v. Werholtz, Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008), and Brewer v. City of Overland Park Police Department, 24 F. App'x 977, 979 (10th Cir. 2002) all have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion.

be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(unpublished)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 F. App'x 977, 979 (10th Cir. 2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[3]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

---

[3]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## **ANALYSIS**

Having carefully reviewed the Application, the Complaint, and the relevant law, the Court will: (i) grant Archuleta's Application; (ii) deny Archuleta's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees as premature; and (iii) dismiss this case without prejudice for lack of subject-matter jurisdiction.

The Court will grant Archuleta's Application to proceed in forma pauperis, because: (i) he signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; (ii) Archuleta is

unemployed and owns no assets; and (iii) while Archuleta's monthly income exceeds his monthly expenses by $393.00, Medicare does not cover his dental and vision expenses. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life").

The Court will deny Archuleta's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees as premature, because he has not filed a notice of appeal.

The Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The Complaint, which is difficult to understand, appears to ask this Court to review a decision that the Thirteenth Judicial District Court for the State of New Mexico entered before the commencement of this case. See Complaint ¶¶ B(1), D(1), at 2, 4-5. The Court does not have jurisdiction to review the Thirteenth Judicial District Court for the State of New Mexico's decision. See Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1167-68 (D.N.M. 2012)(Browning, J.)(stating that the elements of the Rooker-Feldman doctrine are: "(i) a state-court loser; (ii) who is asking a federal district court; (iii) to review the correctness of a judgment rendered by a state court; and (iv) which judgment was rendered before the commencement of the federal proceeding"). Archuleta does not seek any other relief and does not allege any facts showing that this Court has subject-matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(stating that the party seeking the exercise of jurisdiction bears

the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction").

**IT IS ORDERED** that: (i) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed May 5, 2017 (Doc. 2), is granted; (ii) Plaintiff's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees In Re Mandamus Remand Sovereign Grand Jury Muslim Elect Ministrative Order Original Habeas Corpus Jurisdiction, filed October 3, 2017 (Doc. 9), is denied; and (iii) this case is dismissed without prejudice and Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Benjamin Archuleta
Albuquerque, New Mexico

	*Plaintiff pro se*