IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA,

    Plaintiff,

v.                                                                                         1:17-cv-00530-JB-LF

JAMES CHARLES SANCHEZ,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the document filed by plaintiff Benjamin Archuleta dated September 25, 2018 and docketed as a "motion for reconsideration" by the clerk. Doc. 14. This matter was referred to me by the Honorable James O. Browning to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 15. Having reviewed the document filed by Mr. Archuleta, I find that it does not state any grounds for relief from judgment. Therefore, I recommend that any ascertainable request for relief sought in Mr. Archuleta's filing be DENIED.

> Motions to reconsider in civil cases fall into three categories:
>
> a motion to reconsider filed within [twenty-eight] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [twenty-eight] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

*Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D. 453, 462 (D.N.M. 2009) (Browning, J.); *see also Computerized Thermal Imaging, Inc. v. Bloomberg. L.P.*, 312 F.3d 1292, 1296 (10th Cir. 2002).

Courts may treat motions for reconsideration as a Rule 59(e) motion when the movant files within twenty-eight days of a court's entry of judgment. *See Price*, 420 F.3d at 1167 n.9. If the movant files outside of that time, courts should treat the motion as seeking relief from judgment under Rule 60(b). *Id*.

Whether a motion for reconsideration should be considered a motion under Rule 59 or Rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under Rule 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1323–24 (10th Cir. 1997) (quoting *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir. 1989)). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a Rule 59 motion and be subject to Rule 59's constraints. *See Phelps*, 122 F.3d at 1324. In contrast, under Rule 60,

> [o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). However, neither a Rule 59 nor a Rule 60 motion for reconsideration is an appropriate vehicle

> to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion. . . . Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A district court has considerable discretion in ruling on a motion to reconsider. *See Phelps*, 122 F.3d at 1324.

The Court entered a final judgment in this case on January 26, 2018. Doc. 12. Mr. Archuleta filed what the Court is construing as a motion for reconsideration nine months later, on September 25, 2018. Doc. 14. Because Mr. Archuleta filed his document more than 28 days after the final judgment, the Court will analyze it under Rule 60 rather than Rule 59. Rule 60 authorizes a district court to, "[o]n motion and just terms[,] . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief." FED. R. CIV. P. 60(b). Generally, the situation must be one beyond the control of the party requesting relief under Rule 60(b)(6) to warrant relief, *see Ackermann v. United States*, 340 U.S. 193, 202 (1950), and any legal error that provides a basis for relief under Rule 60(b)(6) must be extraordinary. *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

Here, Mr. Archuleta provides no basis for relief under Rule 60. He does not demonstrate any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, nor does he state any other reason that

justifies relief. Indeed, the document filed by Mr. Archuleta does not seek any ascertainable relief from the Court. Mr. Archuleta simply demands "[t]he Defendant: Lawrence Sanchez To Pay The Outstanding Political Debt of $500,000.00 without Delay." Doc. 14 at 1.

In support of his demand, Mr. Archuleta cites several statutes, including 18 U.S.C § 2332 (regarding criminal penalties); 18 U.S.C § 351 (regarding complaints about a federal judge); 28 U.S.C. § 1651 (regarding writs); 18 U.S.C. § 981 (regarding civil forfeiture); and 42 U.S.C. §§ 1980−85 (regarding civil rights, except 42 U.S.C. § 1980 does not exist). Mr. Archuleta does not explain how these statutes entitle him to relief. He also cites "American Havalina vs. Moo T." *Id*. I could not find any such case.

Because Mr. Archuleta does not provide the Court with any basis for relief under Rule 60 and does not request any specific relief from the Court, I recommend that the Court DENY plaintiff Benjamin Archuleta's motion (Doc. 14).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge